PER CURIAM.
This cause is before us on complaints of The Florida Bar, reports of the referee and petition for review of the recommended discipline filed by The Florida Bar. Respondent Donald J. Shemwell, a member of The Florida Bar, has filed no petition for review.
The complaints charged respondent with mishandling a bankruptcy case, mishandling trust funds, misadvising clients, misrepresenting matters, engaging in improper multiple-representations, failing to execute and forward an agreement to an assignment in a property transaction after promising to do so, and improperly accepting double monthly payments for several months from both the assignor and assign-ee.
Respondent made no appearance at the hearing before the referee. The referee made the following findings of fact as to respondent’s misconduct.
*422 Count I (05A77004)
A. Respondent was a member of The Florida Bar, at the time pertinent to the matters alleged in the Complaint filed in this proceeding.
B. The Respondent was employed by the law firm of Trovillo and Shemwell, P.A., and by its predeceasor [sic], Phil Trovillo, P.A. between January 1974 and March 5, 1976. . . .
C. Respondent overdrew his trust account in the approximate amount of $1,700.00 in 1975. ... He replaced the overdrawn amount, upon demand.

D. All funds in the Law offices were to be deposited in the trust accounts, as an office policy. .
E. Respondent overdrew particular client’s trust accounts. .
F. Respondent paid personal bills out of client trust accounts. .
G. Respondent (while working for the firm) receipted for fees in the amount of $13,795.94 that he failed to deposit to the Firm account, or to otherwise account for. .
H. Respondent represented both parties to certain cases involving dissolutions of marriages. .
I. Respondent mishandled a suit in Bankruptcy. .
J. Respondent accepted, handled and failed to keep proper accounts of client’s funds and employer’s fees collected from client, “Billie Parker”. .
Count II (05A77003)
A. Respondent represented Jim and Claudia Kain in a Bankruptcy matter, for a set fee. .
B. Certain promissory notes, unsecured by any collateral, were sought to be collected by the Barnett Bank, the holder of a note and mortgage emcumbering [sic] the Kain homestead, by refusing to satisfy the mortgage by payment in full based upon prepayment of the outstanding mortgage note (without reference to the unsecured notes).
C. Respondent made several attempts to conclude the matter with Barnett Bank but to no avail. .
D. A complaint was made by the Kains to Respondent’s associate. The associate concluded the matter for an additional fee.
05A77006
A. Respondent, was a member of The Florida Bar at all times pertinent to the matters alleged in this proceeding.
B. Respondent and his wife executed an agreement for deed in favor of LAKCO Citrus, Inc. (later to become Double Eight Land Corporation) agreeing to sell certain lands located in Alachua County, Florida to the Buyer under the terms and conditions contained therein. .
C. Due to the questionable meaning of paragraph 7 of the agreement for deed, the buyer (LAKCO) by and through its attorneys, requested written consent of Sellers to assign the Buyer’s interest to an individual. .
D. Respondent agreed to execute the consent. .
E. The assignment with the consent agreement was furnished to the Respondent, but he (although repeatedly agreeing verbally to executed [sic] the consent) never did so. .
F. Respondent took advantage of the circumstances, partially created by him, to collect and retain double monthly payments by allowing both the assignor and assignee to make payments.
G. When it was discovered by the assignor and assignee that double payments had been made, Respondent did nothing to correct the matter. .
H. Respondent failed to notify either the assignor or assignee of the agreement for deed that he had received such double payments but kept the same and used the funds as his own. .
Relative to Count I, the referee recommends that respondent be found guilty of violating Disciplinary Rules 1-102(A)(4),[1]1- *423 102(A)(6),[2] 5-105(B),[3] 9-102(B)(2),[4] 9-102(B)(3),[5] Code of Professional Responsibility, and Rule 11.02(4), Integration Rule of the Florida Bar relating to trust funds and fees. As to Count II, the referee recommends that he be found guilty of violating Disciplinary Rules 6 — 101(A)(2),[6] 6-101(A)(3),[7] and 7-101(A)(l).[8] In Case No. 05A77006, the referee recommends that respondent be found guilty of violating DR 1-102(A)(4) of the Code of Professional Responsibility and Rule 11.02(3)(a) of the Integration Rule pertaining to standards for moral conduct.
In Cases No. 05A77003 and No. 05A77004, the referee recommends that respondent be suspended from the practice of law for a period of thirty-seven months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(3), Integration Rule of The Florida Bar. The referee recommends, in Case No. 05A77006, that respondent be suspended for thirty-seven months and thereafter until he proves rehabilitation.
After review of the record and reports of the referee, we hereby approve the findings and recommendation of the referee as to guilt.
The Bar, in its petition for review of the recommended disciplinary measure, requests disbarment of respondent. The referee recommends a thirty-seven month suspension, but such a suspension is not permissible under Rule 11.10 of the Integration Rule, which provides:
[N]o suspension shall be ordered for a specific period of time in excess of three years. .
We find respondent’s misconduct of such magnitude as warrants disbarment rather than suspension.
Accordingly, Donald J. Shemwell is hereby disbarred. The disbarment shall be effective on August 28, 1978, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. The filing of a petition for rehearing shall not alter the effective date of this disbarment. Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $433.50.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion, with which BOYD and HATCHETT, JJ., concur.

. (A) A lawyer shall not:
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. (A) A lawyer shall not:
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

. (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

. (B) A lawyer shall:
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

. (B) A lawyer shall:
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

. A lawyer shall not:
(2) Handle a legal matter without preparation adequate in the circumstances.

. A lawyer shall not:
(3) Neglect a legal matter entrusted to him.

. (A) A lawyer shall not intentionally:
(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7-101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.