PER CURIAM.
This disciplinary proceeding by The Florida Bar against Douglas M. Carlton, a member of The Florida Bar, is before us on complaint of The Florida Bar and Report of Referee. The referee’s report, amended report, and record were duly filed with this Court pursuant to Florida Bar Integration Rule, Article XI, Rule 11.06(9)(b). No petition for review has been filed.
In Count I of the complaint, the Bar alleged that:
3. The Respondent, Douglas M. Carlton, undertook the representation of Warren E. Lane in 1969 in a civil suit for damages against the owners of U-TOTE-M stores in Miami, Florida. Although he told his client on numerous occasions that suit had been filed Respondent never filed the action.
4. In the latter part of 1973 Warren E. Lane requested the Respondent to return his file, which the Respondent refused to do. Ultimately, the client was able to engage another attorney to secure the file and file suit before the four year statute of limitations ran out.
5. By reason of the foregoing, the Respondent has violated Integration Rule 11.02(3)(a) and Disciplinary Rules 1-102(A)(4), 1-102(A)(5), 2-110(B)(3), 6-101(A)(3), 7-101(A)(l), 7-101(A)(2) and 7-101(A)(3) of the Code of Professional Responsibility.
The referee’s findings and recommendations, as amended, as to Count I are as follows:
I find the facts stated in Count I of the Complaint uncontradicted and sufficient, by clear and convincing evidence.
* * * * * *
I recommend that the respondent be found guilty and specifically that he be *407 found guilty of the following violations of his Oath as an attorney, the Integration Rules of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility, to wit:
DR 1-102 Misconduct: A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, nor (5) engage in conduct that is prejudicial to the administration of justice.
DR 2-110 Withdrawal from Employment:
(b) When his mental or physical condition renders it unreasonably difficult for him to carry out the employment effectively.
DR 6-101 Failing to Act Competently by neglecting a legal matter entrusted to him.
DR 7-101 Representing a Client Zealously: Was not observed in that he failed to carry out the contract of employment entered and was not punctual.
* * * * * *
I recommend the Respondent be suspended for a period of three (3) months. This suspension should be served concurrently with the suspension recommended in Count II below.
Count II alleges:
2. Respondent, Douglas M. Carlton, undertook the representation of Andre Ratliff a/k/a Wade Ratliff, Jr. in June, 1971 in a personal injury case arising out of an automobile accident.
3. In 1973, Respondent finally settled the case for the sum of $3,500 and failed to disburse the monies to his client despite numerous demands for payment from the client and his father.
4. When the insurance settlement draft was received in the summer of 1973 it was not placed into a trust account but into Respondent’s general office account which was then overdrawn.
5. Part of the proceeds of this settlement draft went to pay the salary of Respondent’s secretary who deposited the draft and personally arranged for her salary check to clear with a bank officer.
6. Respondent maintained no trust account during this period of time and until late 1973.
7. Respondent maintained inadequate records as to trust property or funds and commingled trust funds with his own money during this period of time.
8. Respondent converted trust funds for his own personal use during this period of time.
9. Respondent failed to send a check to his client until after the committee hearings in 1974 which check was originally returned due to insufficient funds.
10. By reason of the foregoing, Respondent has violated Integration Rules 11.02(3)(a), and 11.02(4) of the Integration Rule of The Florida Bar and Disciplinary Rules 1 — 102(A)(3), 1-102(A)(4), 6-101(A)(3), 9-102(A)(l), 9-102(A)(2), 9-102(B)(2), 9-102(B)(3), and 9-102(B)(4) of the Code of Professional Responsibility.
The referee’s findings and recommendations, as amended, as to Count II are as follows:
The allegations of the Complaint are supported by substantial competent evidence; although Respondent under oath declares that he made payment, no proof or evidence thereof was presented or tendered to this Referee.
The allegations of the complaint are established with clear and convincing evidence.

I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, the Integration Rules of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility, to wit:
DR 1-102(A)(3) and (4). Respondent engaged in conduct involving misrepresentation.
DR 6-101. He failed to act competently by neglecting a legal matter entrusted to him and failed to adequately account to his client.
*408 DR 9-102(A)(l). He failed to preserve the identity of funds and did apparently commingle with his own funds; and withdraw funds for his own benefit.
DR 9-102(B). He did not keep his clients’ funds in a safe place nor maintain records nor render appropriate accounts to his client regarding funds coming into his possession as the lawyer.
******
I recommend that the Respondent be suspended for a period of twelve (12) months and, thereafter, until he shall prove his rehabilitation as provided under Rule 11.10(3), and for an indefinite period until he shall pay the costs of this proceeding and provide proof of restitution to his client in the amount due Andre Ratliff, a/k/a Wade Ratliff, Jr. upon the settlement of the case for the sum of Thirty Five Hundred ($3,500.00) Dollars.
Count III alleges:
2. In January 1973, Respondent undertook representation of Frances K. Chapman to prosecute a dissolution of marriage action and handle miscellaneous items on behalf of the client.
3. Respondent received certain items of his client’s personal property including several life insurance policies and failed to give his client a receipt for them, failed to place them in and maintain them in a safe place, and ultimately was unable to redeliver the same to the client.
4. By reason of the foregoing, Respondent has violated Integration Rule 11.02(4) and Disciplinary Rules 1-102(A)(6), 9-102(B)(2), 9-102(B)(3) and 9-102(B)(4) of the Code of Professional Responsibility.
The referee’s findings and recommendations, as amended, as to Count III state:
The allegations of the Complaint are supported by clear and convincing evidence and the evidence is uncontroverted.

I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, the Integration Rules of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility, to wit:
DR 1-102(A)(6). The Respondent did conduct himself to adversely reflect on his fitness to practice law by his inability to maintain files in a safe place and redeliver to the client.
DR 9-102(B)(2). Respondent did fail and neglect to place the insurance policies of Chapman in a safe deposit box or other place of safekeeping to maintain them and, furthermore, was unable to render an account as to the whereabouts of the insurance policy properties of his client.
DR 9-102(B)(4). Respondent did fail to promptly redeliver securities when his client wished them which were delivered into the lawyer’s possession to which the client was entitled.
******
I recommend that the Respondent be found guilty on Count III and that Re-, spondent be suspended from the practice of law for a period of six (6) months, the rehabilitation previously called for to apply. This suspension should be served concurrently with the suspension recommended in Count II, above.
Having carefully reviewed the record, we find the allegations of the complaint and each count thereof to be proved either by admissions of the respondent or by clear and convincing evidence and, therefore, we approve the findings and recommendations of the referee.
Accordingly, respondent, Douglas M. Carlton, is hereby suspended from the practice of law for a period of twelve months and, thereafter, until he shall prove his rehabilitation as provided under Florida Bar Integration Rule, Article XI, Rule 11.-10(3). The suspension shall be effective on January 15,1979, thereby giving respondent. time to close out his practice and take the steps necessary to protect his clients, and it is ordered that respondent shall not accept any new business. In addition, respondent’s suspension shall continue for such further period until he shall pay the costs of *409 this proceeding and provide proof of restitution to his client Andre Ratliff; also known as Wade Ratliff, Jr., in the amount of $3,500.
Costs in the amount of $790 found by the referee to have been reasonably incurred by The Florida Bar are hereby taxed against the respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, SUND-BERG, HATCHETT and ALDERMAN, JJ., concur.