372 So.2d 1373 (1979)
THE FLORIDA BAR, Complainant,
v.
Daniel W. MESERVE, Respondent.
No. 56573.
Supreme Court of Florida.
July 5, 1979.
John A. Weiss, Branch Staff Counsel, Tallahassee, for complainant.
James E. Miller, Jacksonville, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Daniel W. Meserve, a member of The Florida Bar, is before us on complaint of The Florida Bar and report of referee. Effective February 10, 1977, we temporarily suspended respondent pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(5). On April 6, 1979, the referee's report and record were duly filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b). Neither party has filed a petition for review.
The referee's findings and recommendations are as follows:

II. FINDINGS OF FACT AS TO EACH ITEM OF MISCONDUCT OF WHICH THE RESPONDENT IS CHARGED:

After considering all of the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
AS TO CASE NOS. 4B-76-20, 4B-77-8 and 4B-77-19 (Count I)
In the fall of 1975, Respondent entered into a business relationship with one Calvin C. Campbell, who was a lay inmate at Raiford State Prison. Respondent and Campbell arranged for Campbell to solicit legal matters and draw legal pleadings which Respondent then signed or allowed his secretary to sign without exercising any control over drafting of the pleadings or the signature affixed thereto. Respondent received legal fees from one Peter Lamont, one Bernie Outlaw and one Clarence McGill as well as a partial retainer from one Albert Williams. He neglected and failed to pursue the motions contemplated by these clients' cases for which he had accepted the fees.
Respondent received fees from Charles Ray, Arnold Gardner, Joe Williams, Slater *1374 Hunter and Ezoral Williams but did not perform any legal service in connection with the legal matters for which he was paid. In addition, Respondent has failed to perform agreed upon work as requested by Jessie Wolfe, Ray F. Childs or Evelyn Craft on behalf of Melvin Craft. He had met with some of these clients and during some of the meetings appeared to be intoxicated.
Respondent allowed a secretary to sign his name to pleadings prepared by a non-lawyer and to subsequently file said pleadings without any supervision by Respondent. The Respondent, through his attorney, did not contest any of the allegations contained in the Count herein referred to, requesting that a plea of nolo contendere be accepted by the Referee.
AS TO CASE NO. 4B-75-109 (which is embodied in Count II)
In April, 1975, Respondent was consulted by Mr. and Mrs. Holton regarding a dissolution of marriage proceeding. Respondent first represented Mrs. Holton in the dissolution proceeding and then after obtaining a default against Mr. Holton, Respondent apparently lost contact with his client and in an effort to facilitate the mutual desires of the Holtons he dismissed the action filed on behalf of Mrs. Holton (without her knowledge or permission) and shortly thereafter filed a petition representing the husband. The second petition also resulted in a default being taken by Respondent against the wife. As part of the prerequisite to the second default an affidavit was prepared by the Respondent, signed by the husband, and filed by the Respondent, in which among other things it was alleged "and that the residence of the wife is unknown". It appears that Respondent did in fact know how to reach the wife through her mother in Fernandina. After it was suggested to Respondent by another attorney practicing in Fernandina that the situation might represent a conflict, Respondent indicates that he finally withdrew from the case.
AS TO CASE NO. 4B-76-13 (Count III)
On or about November 13, 1975, Respondent was advised in his office, by local law enforcement officers from the Fernandina Beach area that there was a capias for the arrest of one Michael Deonas. The Respondent had previously talked with the fugitive and knew that he was on the premises, which consisted of a converted house in which Respondent had his office. During this time, Respondent smelled of alcohol and had had some intoxicant the morning of the incident before coming to his office. He attempted to thwart a search of the house and when that was unsuccessful and the fugitive was located on the premises, Respondent then attempted to physically block the law enforcement officers from taking the fugitive into custody.
AS TO CASE NO. 4B-76-21 (Count IV)
During the month of January, 1975, Respondent was hired by a North Carolina couple, Mr. and Mrs. Charles Ervin, to handle the administration of the estate of Mrs. Ervin's brother and to seek custody for them of the decedent's minor children. He was paid approximately $1,200.00 for the work but did not perform the work for which he was hired nor did he refund any of the monies paid by the clients nor did he account for the monies. He kept two appointments with the client and was in a disheveled condition and his office smelled of alcohol. The Respondent was unprepared when he attended the custody hearing involving the two nephews and later advised his clients that he had not prepared and filed the necessary guardianship papers causing the Court to have to remind him to do so. After that hearing, he and the client, Mrs. Ervin, went to Respondent's office and he was not sober. This particular incident occurred at 8:30 in the morning. The Estate was to pay the funeral bill of the decedent and monies were supplied as part of the approximately $1,200.00 to the Respondent to open the probate estate. Certain funds were to be generated by the sale of estate property but no estate was opened and the funeral bill was not paid. After that, despite repeated attempts by the client, the Respondent was never able to be contacted personally and did not perform the work for which he was engaged.
*1375 AS TO CASE NO. 04B-77-00X (Count V)
Respondent was the town attorney for the Town of Hillard and in such capacity received suit papers from the Town in an action styled "Bumby and Stimpson, Inc. vs. The Town of Hillard". He received the notice of the suit eight days before a response was due. He made no effort to file any pleadings by reason of which a default judgment was entered against the Town in the amount of $165,292.72. Subsequently, he was relieved of his duties as Town attorney; new counsel was obtained by the Town and the default was set aside and the matter ultimately proceeded to settlement. The final amount of the settlement was substantially more advantageous to the Town than the default judgment.

III. RECOMMENDATION AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY:

AS TO CASE NOS. 4B-76-20, 4B-77-8 and 4B-77-19 (Count I)
I recommend that the Respondent be found guilty and specifically his conduct in hiring a non-lawyer to arrange professional employment and in agreeing to divide fees acquired through the result of said employment as well as allowing a non-lawyer to prepare pleadings which he allowed his secretary to sign, without supervision, and in receiving fees from clients for services which were not performed is in violation of Rule 11.02(5) of Article XI of the Integration Rules of The Florida Bar in that he solicited business and is in violation of D.R. 1-102(A)(2), 2-103(B), 2-103(C), 2-103(D), 3-101(A), 3-104(C), 3-104(D), 6-101(A)(3), 7-101(A)(1), 7-101(A)(2) and 7-101(A)(3) in that he attempted to circumvent a Disciplinary Rule through actions of another; compensated a person to recommend or secure his employment and requested that the person secure him employment and assisted in such employment. He aided a non-lawyer in the unauthorized practice of law and failed to exercise a high standard of care supervising non-lawyer personnel nor did he complete work for which he had received fees.
AS TO CASE NO. 4B-75-109 (Count II)
I recommend that the Respondent be found guilty and specifically that his conduct in representing both husband and wife in dissolution of marriage proceedings was in violation of D.R. 5-105(A) and 5-105(B) in that Mr. Meserve represented both sides of a matter when the continued employment in the second matter was likely to be adversely affected by the first matter. In addition, Respondent violated D.R. 7-101(A)(1) in that he failed to seek the lawful objectives of his client Mrs. Holton through reasonably available means.
AS TO CASE NO. 4B-76-13 (Count III)
I recommend that the Respondent be found guilty and specifically that he violated D.R. 1-102(A)(4), D.R. 1-102(A)(5) and D.R. 1-102(A)(6) in that he engaged in conduct involving misrepresentation and conduct which was clearly prejudicial to the administration of justice, all while his faculties were impaired to some degree by the ingestion of alcohol, such that it adversely reflected on his fitness to practice law.
AS TO CASE NO. 4B-76-21 (Count IV)
I recommend that the Respondent be found guilty and specifically that his conduct in the handling of the Estate of Jerry McIver and the representation of Mr. McIver's sister and brother-in-law, Mr. and Mrs. Charles Ervin, violated D.R. 2-106(A) and D.R. 2-106(B) in that he charged a clearly excessive fee for the work which, in fact, was not performed. In addition, Respondent violated D.R. 6-105(A)(3) in that he neglected, grossly, a legal matter entrusted to him and in the same manner violated D.R. 7-102(A)(2), and, in addition, Respondent has violated Rule 11.02(4) of the Integration Rules of The Florida Bar in that he received monies, including advances for costs which he did not hold in trust and which were not applied for the purpose for which they were paid.
AS TO CASE NO. 4B-77-00X (Count V)
I recommend that the Respondent be found guilty and specifically that his conduct violated D.R. 6-101(A)(3) in that he neglected a legal matter entrusted to him by allowing a default to be obtained against *1376 his client. And D.R. 7-101(A)(2) in that he failed to carry out the contract of employment implicit in The Town of Hillard delivering to him certain matters in connection with litigation filed against the Town.

IV. RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:

I recommend that the Respondent be suspended from the practice of law in Florida for a period of two (2) years and indefinitely thereafter until he shall have proved rehabilitation. Since Respondent was temporarily suspended in February of 1977, I recommend that his two year suspension begin as of that date. Implicit in this recommendation is that Respondent be eligible for reinstatement if he is able to show rehabilitation and I recommend that proof of rehabilitation include, in addition, to his general fitness the following specific terms and conditions:
1. That Respondent remain active in Alcoholics Anonymous;
2. That Respondent shall make restitution to Mr. and Mrs. Charles Ervin of the sum of $1,200.00;
3. Respondent shall, within forty-five days after this Report is accepted by The Supreme Court of Florida, account for all funds received from inmates of Raiford Prison, Belle Glade Correctional Institute or other inmates for whom work was to be performed and fees were received during the period commencing October, 1975 and ending with Respondent's temporary suspension in February of 1977. Respondent shall file this list with the Clerk of The Supreme Court, copy to Staff Counsel and shall, as a condition of proof of rehabilitation, make restitution to each of said inmates of an amount deemed appropriate by Staff Counsel or if such can not be agreed upon between Staff Counsel and Respondent, by appropriate recommendation of a Referee appointed by The Supreme Court of the State of Florida, taking into consideration, the amount received and the work performed for each inmate.
4. Respondent shall comply with the notice provision of Integration Rule 11.10(6) as it applies specifically to the Ervins and the inmates referred to in the preceding paragraph.
5. That the Respondent shall reimburse The Florida Bar the sum of $1,500.00 as that portion of the costs incurred which should be taxed against Respondent.
Having carefully reviewed the record, we find the allegations of the complaint and each count thereof to be proved either by admissions of the respondent or by clear and convincing evidence. We therefore approve the findings and recommendations of the referee.
Accordingly, respondent, Daniel W. Meserve, is hereby suspended from the practice of law for a period of two years and, thereafter, until he shall prove his rehabilitation under Florida Bar Integration Rule, article XI, Rule 11.10(3). The suspension shall be effective as of February 10, 1977. Proof of rehabilitation shall include, but not be limited to, full compliance with the specific terms and conditions contained in the referee's report.
Costs of proceedings in the gross sum of $2,092.70 have been certified to this Court by The Florida Bar. The referee recommends that only $1,500 of the costs of the proceedings be borne by the respondent. Accordingly, costs in the sum of $1,500 are hereby taxed against the respondent the full payment of which shall be a condition to any application for reinstatement.
It is so ordered.
ADKINS, Acting C.J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I am not convinced that a two-year suspension retroactive to February 10, 1977, is the suitable disciplinary measure to be applied in this case. The charges against respondent are such that, in most cases, would warrant disbarment. I would direct the parties to submit briefs directed to the suitability of the disciplinary measure recommended *1377 by the referee, as provided by Florida Bar Integration Rule 11.09(3)(f).