377 So.2d 712 (1979)
THE FLORIDA BAR, Complainant,
v.
Charles PERRY, Jr., Respondent.
No. 57686.
Supreme Court of Florida.
December 6, 1979.
Crockett Farnell, Bar Counsel, Clearwater, and Donald A. Smith, Jr., Asst. Staff Counsel, Tampa, for complainant.
Charles Perry, Jr., Redington Beach, for respondent.
PER CURIAM.
This matter is before the Court on Petition to Approve Conditional Guilty Plea and to Enter Final Order of Discipline.
On September 11, 1979, The Florida Bar filed its Petition alleging:
1. On November 21, 1977 the Sixth Judicial Circuit Grievance Committee "C" found probable cause to believe Respondent had violated Disciplinary Rules and Ethical Consideration of The Florida Bar Code of Professional Responsibility.
2. The Florida Bar filed a complaint on January 23, 1979 against Respondent, alleging the following:
COUNT I
1. Respondent, Charles Perry, Jr., is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of The Supreme Court of Florida.
2. This complaint is filed by The Florida Bar by direction of its Board of Governors.
3. In November, 1976, Mrs. Lillian L. Lawson spoke to Respondent at the Free Clinic about obtaining a divorce.
4. Respondent told Mrs. Lawson that he would try to get an attorney to handle her case for $200.00.
5. Respondent referred Mrs. Lawson to his law partner, William Berkley.
6. William Berkley, Respondent's law partner, agreed to represent Mrs. Lawson in her divorce suit.

*713 7. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. DR2-103(D).
8. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. DR2-104(A).
COUNT II
9. Complainant realleges the matters set forth in paragraphs 1 through 6.
10. Mrs. Lawson could not afford to pay for legal services, but was in possession and part owner of a 1973 Dodge Maxivan that did not run.
11. Ownership of the van was a subject of the divorce suit.
12. Respondent suggested that he take possession of the van, have it repaired, and sell it to cover the cost of the legal services.
13. The arrangements to sell the van were made before Mrs. Lawson's undivided ownership of the van was established.
14. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. DR2-106(C). [sic]
COUNT III
15. The Complainant realleges the matters set forth in paragraphs 1 through 6.
16. Respondent negotiated an agreement with Mrs. Lawson, whereby respondent would have the van customized, thereby bringing a higher selling price.
17. The net profit from the sale of the van would be divided into thirds; 1/3 going to Respondent, 1/3 going to the person who did the customization, and 1/3 going to Mrs. Lawson.
18. Respondent negotiated with Mrs. Lawson the agreement concerning the customization of the van before Mrs. Lawson's divorce proceedings were finalized.
19. Until the Final Judgment was issued in the divorce proceedings, the van was jointly owned by Mr. and Mrs. Lawson.
20. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. DR5-104(A). [sic]
21. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. EC 53. [sic] [EC 5-3]
22. By reason of the foregoing, Respondent violated Fla. Bar Code Prof. Resp. DR5-103(A). [sic]
COUNT IV
23. Complainant realleges the matters set forth in paragraphs 1 through 6 and 16.
24. Respondent took possession of the van, pursuant to the agreement with Mrs. Lawson concerning customization of the van.
25. Respondent obtained possession of the title certificate to the van from the file of Respondent's law partner, William Berkley.
26. Respondent was requested by Mrs. Lawson to return to her the title certificate to the van.
27. Respondent refused to return the title to Mrs. Lawson, instead, sending to Mrs. Lawson a photostatic copy of the title.
28. Over a period of several months, Mrs. Lawson made several requests to Respondent for the return of the van.
29. Respondent refused to return the van to Mrs. Lawson.
30. By reason of the foregoing Respondent violated Fla. Bar Code Prof. Resp. DR9-102(B)(4). [sic]
31. By reason of the foregoing, Respondent violated Integration Rule 11.02(4).
3. On May 18, 1979, Respondent signed a Conditional Guilty Plea in which he agreed to accept a six month suspension and to satisfactorily complete an Ethics course at an accredited law school as proof of rehabilitation for readmission to The Florida Bar. Additionally, Respondent agreed to pay the $100.00 total *714 costs of the proceedings. Respondent did not admit to the accuracy of each and every fact alleged in the Complaint.
4. On July 12, 1979, Respondent's Conditional Guilty Plea was approved by The Board of Governors of The Florida Bar.
The Petition to Approve Conditional Guilty Plea is granted, and Respondent, Charles Perry, Jr., is hereby suspended from the practice of law in Florida for six months effective this date and shall satisfactorily complete an Ethics course at an accredited law school as proof of rehabilitation for readmission to The Florida Bar.
Costs in the amount of $100.00 are hereby taxed against the Respondent.
It is so ordered.
BOYD, Acting C.J., and OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.