PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar. Respondent petitions for review of the report of referee, arguing that it is, in various portions, deficient, erroneous, unlawful, unjustified, and improper.
The complaint filed by the bar contended that respondent, who practices law in Micronesia, represented three defendants in a criminal case; that in the course of said representation, respondent interviewed three government witnesses who had been promised immunity in exchange for testimony damaging to respondent’s clients; that respondent advised the three witnesses that they did not have to testify, and that they might still be open to prosecution at some later date; that two of the three witnesses then requested that respondent represent them, later refused to testify, and were prosecuted; that shortly before the trial of said two witnesses, respondent filed a motion to withdraw as their counsel and did not appear at their trial; that at the trial of his original clients, respondent stated that he represented the third government witness, who had not requested his representation, when, in fact, he did not; that the Appellate Division of the High Court for the Trust Territory of the Pacific Islands found respondent guilty of violating Disciplinary Rules 5-105, 2-103(A) and 7-102(A)(5) of the American Bar Association and Rules 2(d) and 2(h) of the Trust Territory Disciplinary Rules, and suspended him from the practice of law for three years, such suspension being stayed and a three-year probationary period imposed in lieu thereof; and, that by reason of the foregoing respondent violated Disciplinary Rules 1-102(A)(4), 1-102(A)(5), 5-105(A), 2-103(A), and 7-102(A)(5) of the Code of Professional Responsibility of The Florida Bar and Integration Rules 11.02(3)(a) and 11.-02(5) of The Florida Bar.
*1152 The report of referee alleged essentially the same facts as the preceding and recommended that respondent be found guilty of violating disciplinary rules 1-102(A)(4), 1-102(A)(5), 2-103(A), 7-102(A)(5) and 5-105(A) and integration rules 11.02(5) and 11.02(3)(a). The report also recommended that respondent be suspended from the practice of law for one year, and thereafter until he proves his rehabilitation as provided in integration rule 11.02(3)(a), and that he be charged all costs and expenses incurred by the bar in this matter.
Having carefully reviewed the record and the report of referee, we find that the report is supported by the record, and agree with the referee’s recommendations.
Respondent argues that the “Summary of Proceedings” in the referee’s report is deficient because it fails to reflect that the report was eighty days late or that the proceedings in this matter have stretched over a two-year period. While we agree that the bar must exercise diligence in prosecuting cases such as this, and are not condoning the unexplained delay in the filing of the referee’s report, respondent has not demonstrated that he was prejudiced thereby. In the absence of some discernible prejudice, we do not think that the delays warrant finding the report invalid.
We likewise do not agree that the errors in the referee’s findings of fact are so erroneous and deficient as to make the report invalid. We are aware that respondent’s suspension by the territorial court was stayed, despite the referee’s failure to so note, since the complaint filed by the bar acknowledged the stay. We are not, however, bound by the territorial court’s sanctions in imposing our own.
Similarly, while the report may have been mistaken in stating that the prosecutor in Micronesia “had given the witnesses immunity,” their immunity or lack thereof is not what matters here. The important issue is whether respondent was guilty of representing clients with interests adverse to each other and whether he recommended to them that he be retained as their counsel. Their susceptibility to prosecution does not affect the propriety of respondent’s actions and is not a decisive factor in our decision.
Respondent also suggests that the findings of fact are deficient because the referee was unable to procure a transcript of the proceedings in the territorial court. We find, however, that the record relied upon was sufficient basis for the report. The bar tried, and was unable through no fault of its own, to obtain a transcript. The referee had the file containing the territory’s evidence against respondent and interviewed respondent in person concerning the matter. The record on which the report is based is sufficient.
There has been no violation of respondent’s due process protections by finding him guilty of “conduct involving dishonesty, fraud, deceit or misrepresentation ...” (emphasis added), his arguments to the contrary notwithstanding. Respondent asserts that a violation consisting of alternative offenses prevents him from being able to ascertain with what he has been charged or of what convicted. Respondent was, however, advised at his hearing that the complaint was directed only at misrepresentation, so he was aware of the matter with which he was charged. As for the constitutionality of being charged with violation of DR 1-102(A)(4), we do not find it violative of due process, and have used it often. See, e. g., The Florida Bar v. Carlton, Fla., 366 So.2d 406 (1978); The Florida Bar v. Shemwell, Fla., 361 So.2d 421 (1978); and The Florida Bar v. Meserve, Fla., 372 So.2d 1373 (1979).
With regard to DR 1-102(A)(4), respondent further contends that his conviction thereunder is improper because it goes beyond the charges of which he was convicted in the foreign jurisdiction. Respondent correctly notes that integration rule 11.02(6) provides that discipline in a foreign jurisdiction “shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule”, and that the rule does not conclusively establish violations beyond those established in the for *1153 eign jurisdiction. That does not bar this Court, though, from finding respondent guilty of other violations. We are not limited by the findings of the foreign jurisdiction, and may certainly go beyond them in our proceedings. There is sufficient evidence in the record to justify finding that respondent violated DR 1-102(A)(4), and so we accept the referee’s recommendation that he be found guilty of such.
Respondent also incorrectly asserts that item 111(5) of the report, finding him guilty of violating integration rule 11.02(5), is improper because it pertains to the same conduct involved in item 111(2), finding respondent guilty of recommending employment of himself. There is, however, no prohibition on finding that the same act of misconduct violates the provisions of more than one disciplinary or integration rule. See, e. g., The Florida Bar v. Carlton.
Finally, in regard to the recommended one-year suspension, we do not find it excessive and so will impose such. We are not bound by the discipline imposed by the territorial court, and must analyze and deal with respondent’s improprieties according to the standards of this state, not of the foreign jurisdiction. The recommended suspension is not excessive in light of the evidence presented showing that respondent’s activities involved solicitation of employment, subsequent attempt to withdraw therefrom without good cause, conflict of interest, and misrepresentation to a court. A series of acts of misconduct which in aggregate constitute a serious breach of ethics warrant sterner sanctions. See The Florida Bar v. Brigman, Fla., 307 So.2d 161 (1975).
The findings and recommendations of the referee are hereby approved, and respondent is hereby suspended from the practice of law for one year, and thereafter until he shall prove his rehabilitation as provided in rule 11.10(3). The suspension shall be effective, July 27, 1981, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
Costs in the amount of $309.20 are hereby assessed against respondent.
SUNDBERG, C. J., and ADKINS, OVER-TON and ALDERMAN, JJ., concur.