542 So.2d 1321 (1989)
THE FLORIDA BAR, Complainant,
v.
Shane L. STAFFORD, Respondent.
No. 71697.
Supreme Court of Florida.
April 20, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Ft. Lauderdale, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of The Florida Bar and the report of the referee, which the Bar contests. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution.
The facts of the case, taken from the referee's report, reveal the following:
B. From Spring, 1984 through Fall, 1985 Respondent engaged in an arrangement with Roy Blevins, a police officer employed by West Palm Beach, Florida. The purpose of the arrangement with Blevins was solicitation of personal injury cases for handling by Respondent. These cases resulted in the filing of claims for personal injury arising from automobile accidents and other cases involving personal injury.
C. Blevins did in fact solicit personal injury cases for handling by the Respondent who then pursued the claims in his capacity as a lawyer. Under this arrangement, Blevins referred ten to eleven en cases to Respondent; three of these were automobile accident cases investigated by Blevins in his capacity as a policeman; Blevins was paid referral fees on nine or ten of these cases... . The fee splitting arrangement involved payment to Blevins of fifteen percent of Respondent's fees. Respondent believes Blevins was paid ten to eleven thousand dollars ($10,000-$11,000) in total.
The referee found that Stafford had violated Integration Rule 11.02(3) (conduct contrary to honesty, justice, or good morals) and the following provisions of the Code of Professional Responsibility: Disciplinary Rule 2-103(C) (asking persons/organizations to recommend employment of himself); D.R. 3-102 (dividing legal fees with a nonlawyer); D.R. 1-102(A)(1) (violating a disciplinary rule); and D.R. 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law). The referee also noted that Stafford had violated section 817.234, subsections (8) and *1322 (9), Florida Statutes (1985), which prohibit the solicitation of personal injury protection claims and motor vehicle tort claims.
The referee recommended that Stafford receive a public reprimand and be suspended for three months with automatic reinstatement followed by three years' probation. As a condition of probation, the referee would require Stafford to speak at least four times each year during his probation to local bar associations or law school classes about his own misconduct or other ethical concerns of The Florida Bar, a local bar association, or a law school ethics class. The Bar contends that the appropriate discipline should be disbarment.
The referee's report indicates that the following mitigating factors were found to exist in Stafford's case:
A. No prior disciplinary record.
B. Respondent has an excellent reputation for ability and integrity in the legal community in spite of this series of events.
C. Respondent cooperated with law enforcement authorities and The Florida Bar in their investigation into his conduct.
D. Respondent voluntarily stopped his misconduct before it ever came to light.
E. Respondent freely admits his wrongdoing and impressed the Referee with his sincerity in recognizing the wrongness of his acts; he appeared genuinely remorseful. It appears he has wreaked a substantial amount of emotional trauma to himself and his family as a result of his misconduct.
F. While it does not excuse his conduct, I do not believe the Respondent appreciated the criminality of what he was doing although he did appreciate its ethical impropriety at the time he was doing it.
G. The testimony of the Prosecutor who handled the criminal prosecution of Respondent was persuasive as to Mr. Stafford's acknowledgment of wrongdoing, cooperation, and rehabilitation.
Initially, the Bar argues that there was insufficient evidence to support the mitigating factors mentioned in paragraphs C, D, and E. In disciplinary proceedings, the referee's findings should be upheld unless clearly erroneous or without support in the evidence. The Florida Bar v. McKenzie, 442 So.2d 934 (Fla. 1983). It appears that there was sufficient evidence to support the referee's findings in mitigation. However, we are compelled to point out that Stafford admitted that he knew the arrangement with Blevins was unethical. It was only when Stafford found out that the solicitation scheme constituted a third degree felony that he ceased his relationship with Blevins. Conceding the existence of the mitigating evidence, the question before us is what is the proper measure of discipline to be imposed.
Thirty-five years ago in State ex rel. The Florida Bar v. Murrell, 74 So.2d 221 (Fla. 1954), this Court differentiated the practice of law from other business pursuits and explained why the solicitation of clients could not be tolerated. Acknowledging, however, that solicitation does not constitute an offense "that is the product of innate baseness or depravity like the embezzlement or misappropriation of funds entrusted to [a lawyer], showing him to be one who cannot properly be trusted to advise and act for clients," id. at 227, the Court suspended the offending lawyer for two years, subject to a one-year reduction if costs were paid within ninety days. In subsequent cases involving solicitation, this Court has generally imposed suspensions for varying lengths of time. See The Florida Bar v. Perry, 377 So.2d 712 (Fla. 1979) (six-month suspension); The Florida Bar v. Meserve, 372 So.2d 1373 (Fla. 1979) (two-year suspension); The Florida Bar v. Curry, 211 So.2d 169 (Fla.) (six-month suspension), cert. denied, 393 U.S. 981, 89 S.Ct. 451, 21 L.Ed.2d 442 (1968); The Florida Bar v. Scott, 197 So.2d 518 (Fla. 1967) (six-month suspension); The Florida Bar v. Britton, 181 So.2d 161 (Fla. 1965) (three-month suspension); State ex rel. Florida Bar v. Bieley, 120 So.2d 587 (Fla. 1960) (six-month suspension); State ex rel. The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959) (eighteen-month suspension).
*1323 Due primarily to opinions of the United States Supreme Court, the canons of ethics have been amended in some respects to permit certain forms of lawyer advertising. However, activities such as those pursued by Stafford are clearly prohibited. In recent years, perhaps no single aspect of the practice of law has received more public criticism than the unethical solicitation of clients. Evidence of this concern may be found in the enactment of the laws against solicitation noted above. Stafford's blatant disregard of the prohibition against solicitation and his deliberate engagement in unethical fee splitting dictate the imposition of greater discipline than that recommended by the referee.
We approve the referee's recommendation as to guilt and find Shane L. Stafford guilty of violating Integration Rule 11.02(3) (engaging in conduct contrary to honest, justice, or good morals); D.R. 2-103(C) (asking persons/organizations to recommend employment of himself); D.R. 3-102 (dividing legal fees with a nonlawyer); D.R. 1-102(A)(1) (violating a disciplinary rule); and D.R. 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law). However, we reject the referee's recommended discipline and instead impose a suspension of six months. By virtue of his suspension in excess of ninety days, Stafford will have to demonstrate proof of rehabilitation before being permitted to resume his practice. Rule 3-5.1(e), Rules Regulating The Fla. Bar.
Shane L. Stafford is hereby suspended from the practice of law for a period of six months. Upon reinstatement to the Bar, Stafford shall be placed on probation for a period of two years, and as a condition of that probation, shall speak at least four times each year during his probation to local bar associations or law school classes about his own misconduct or other ethical concerns of The Florida Bar, a local bar association, or a law school ethics class. Stafford's suspension shall be effective May 22, 1989, thereby giving him time to close out his practice and take the necessary steps to protect his clients. Stafford shall accept no new business from the date of this opinion and shall provide notice to his clients of this suspension. Costs in the amount of $900.75 are hereby assessed against Shane L. Stafford, for which sum let execution issue.
It is so ordered.
OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion, in which EHRLICH, C.J., and GRIMES, J., concur.
KOGAN, Justice, concurring in part and dissenting in part.
I concur with the majority opinion approving the referee's recommendation as to respondent's guilt; however, I must respectfully dissent to the discipline of six months suspension from the practice of law.
The legal profession has, in recent times, been subject to great public criticism for its alleged failure to properly discipline lawyers. While I do not feel that we have failed to be diligent in our discipline of lawyers, there are particular practices by certain lawyers that have become abhorrent to society in general. The public has for a long time condemned, as has the Bar, lawyers who engage in the practice known as "ambulance chasing." Despite the United States Supreme Court's having approved of attorney advertising, there is no court, to my knowledge, that has approved the act of an attorney paying money to a police officer to refer accident cases to him. It is difficult for me to believe that respondent Stafford did not know it was wrong to solicit accident cases by entering into an arrangement with a police officer whereby ten or eleven cases were referred by the officer to the respondent over a period of one and one-half years and that respondent paid between ten and eleven thousand dollars for this service. It is conduct such as this that truly makes a mockery of our legal system's ethics, and it should not be tolerated by the Bar or by this Court. For the purpose of attorney discipline, at this point I do not think that the respondent's *1324 having voluntarily ceased this type of activity, nor his evidence of rehabilitation, should be considered by this Court. I think in order to restore the public's faith in our system of discipline it is necessary that we rid our ranks of this type of lawyer.
I, therefore, would disbar the respondent from the practice of law.
EHRLICH, C.J., and GRIMES, J., concur.