PER CURIAM.
 

 We have for review a referee’s report recommending that Respondent, Jane Marie Letwin, be found guilty of professional misconduct and disciplined. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const. As more fully explained below, we approve the referee’s findings of fact and recommendation that Respondent be found guilty of violating Rules Regulating the Florida Bar 3-4.2 (violation of the rules of professional conduct is a cause for discipline), 4-7.4(a) (solicitation), and 4-8.4(d) (lawyer shall not engage in conduct in connection with practice of law that is prejudicial to administration of justice). However, we disapprove the referee’s recommendation that Respondent be found not guilty of violating rules 4-4.1 (in course of representing client, lawyer shall not make false statement of material fact to third person), 4-8.4(a) (lawyer shall not violate or attempt to violate rules of professional conduct), and 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and her recommendation that Respondent be suspended for ninety days. Considering Respondent’s prior disciplinary history, the seriousness of the misconduct involved therein, and the seriousness of the misconduct proven in this matter, we conclude that a one-year suspension followed by three years of probation is the appropriate sanction.
 

 FACTS
 

 On December 28, 2009, the Bar filed a complaint against Respondent Letwin alleging that in August 2008, she sent an improper solicitation letter to numerous current and former part-time adult education teachers in Broward County, Florida.
 
 [1]
 
 After a hearing, the assigned referee made the following findings of fact:
 

 1. In or about August 2008, respondent sent a letter to numerous current and former part time adult education teachers in Broward County, Florida. The number of letters sent, according to the respondent’s own testimony, was over 900 letters to these individuals.
 

 2. Each letter improperly solicited these part time teachers to join a purported class action suit against the Bro-ward County School Board. A copy of respondent’s August 28, 2008, correspondence to the over 900 prospective clients with attachment was attached to the complaint as Composite Exhibit B.
 

 3. The letter contained inaccuracies and statements of fact that induced approximately 50 clients to retain respondent’s legal services.
 

 4. First, the case referenced by respondent in the letter had not been certified as a class action by the trial court.
 

 5. Respondent’s letter further did not identify it as an advertisement, as required by The Rules Regulating The Florida Bar.
 

 6. Further, the contract that respondent enclosed with the letter was not marked as a sample, as required by The Rules Regulating The Florida Bar.
 

 7. The letter also stated that “I need to have your express acceptance of my
 
 *581
 
 legal representation or the COURT will not recognize your claim.”
 

 8. Such statement was improper and not an accurate statement of law or fact.
 

 9. Respondent failed to explain that the recipients of the letter were free to choose and hire any attorney to represent them in a lawsuit.
 

 10. Statements contained within her solicitation letter were both inaccurate and erroneous, and meant to induce prospective clients to hire her.
 

 11. Finally, respondent’s actions were clearly prejudicial to the proper administration of justice.
 

 Based on these findings of fact, the referee recommended that Respondent be found guilty of violating rules 3-4.2 (violation of the rules of professional conduct is a cause for discipline), 4-7.4(a) (solicitation), and 4-8.4(d) (lawyer shall not engage in conduct in connection with practice of law that is prejudicial to administration of justice), but not guilty of violating rules 4-4.1 (in course of representing client, lawyer shall not make false statement of material fact to third person), 4-8.4(a) (lawyer shall not violate or attempt to violate rules of professional conduct), and 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).
 

 The referee recommended that Respondent be suspended for ninety days and attend an “education workshop dealing with Solicitations/Advertisements, if available or obtain written materials on the topic.” In recommending this sanction, the referee noted the following aggravating factors: (1) prior disciplinary offenses, (2) pattern of misconduct, and (3) multiple offenses. The referee also found and considered three mitigating factors: (1) personal or emotional problems (illness and subsequent death of Respondent’s spouse); (2) absence of selfish or dishonest motive; and (3) interim rehabilitation.
 

 The Bar seeks review of the referee’s recommendation that Respondent be found not guilty of violating rules 4-4.1 (in course of representing client, lawyer shall not make false statement of material fact to third person), 4-8.4(a) (lawyer shall not violate or attempt to violate rules of professional conduct), and 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation) and the referee’s recommendation of a ninety-day suspension. Respondent has filed a cross-petition for review challenging the referee’s recommendations as to guilt and discipline.
 

 ANALYSIS
 

 Both parties challenge the referee’s recommendations as to guilt.
 
 [2]
 
 First, the Bar challenges the referee’s recommendation that Respondent be found not guilty of violating rules 4-4.1, 4-8.4(a), and 4-8.4(c) as charged in the complaint.
 

 The Bar’s arguments in this regard are well taken. Rule 4-4.1 states, in pertinent part, that “[i]n the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.” Rule 4-8.4(c) states, in pertinent part, that a lawyer shall not “engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.” The referee found that the letter Respondent sent “contained inaccuracies and statements of fact that induced approximately 50 clients to retain respondent’s legal services,” and that statements contained in the letter were “both inaccurate and erro
 
 *582
 
 neous, and meant to induce prospective clients to hire her.” Specifically, the referee found that the case referenced by Respondent as a “class action” had not yet been certified as a class action in the trial court, and that her statement in the letter that “I need to have your express acceptance of my legal representation or the COURT will not recognize your claim” was “improper and not an accurate statement of law or fact.” These factual findings are in direct contravention to the recommendations that Respondent be found not guilty of violating rules 4-4.1 and 4-8.4(c). Accordingly, the referee’s recommendation in this regard is disapproved, and we conclude that Respondent is guilty of violating rules 4-1.4 and 4 — 8.4(c).
 

 We also disapprove the referee’s recommendation that Respondent be found not guilty of violating rule 4-8.4(a). That rule states that a lawyer shall not “violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.” Thus, by its plain language, that rule is necessarily violated whenever any other rule of professional conduct is violated. Because the referee recommended that Respondent be found guilty of violating other rules, she should have recommended Respondent be found guilty of violating rule 4-8.4(a).
 
 [3]
 

 Respondent challenges the referee’s recommendation that she be found guilty of violating rule 4-7.4(a) (solicitation).
 
 [4]
 
 In pertinent part, this rule provides that, except as set forth in subdivision (b) of the rule (setting out the parameters of permissible written communications with prospective clients), “a lawyer shall not solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship, in person or otherwise, when a significant motive for the lawyer’s doing so is the lawyer’s pecuniary gain.” The rule also provides that a lawyer “shall not enter into an agreement for, charge, or collect a fee for professional employment obtained in violation of this rule,” and that the term “solicit” includes “any written form of communication directed to a specific recipient and not meeting the requirements of subdivision (b) of this rule.” R. Regulating Fla. Bar 4-7.4(a). Subdivision (b) prohibits unsolicited written communications with prospective clients if, among other things, the communication “contains a false, fraudulent, misleading, or deceptive statement or claim.” Subdivision (b) also sets forth certain requirements for such written communications, such as they must be marked in red ink as “advertisements,” they must be sent only by regular U.S. mail, they must be accompanied by a written statement of the lawyer’s background, training, and experience, and if a contract for representation is included, the contract must be marked as a “sample” and the words “do not sign” must appear on the client signature line. R. Regulating Fla. Bar 4-7.4(b). Here, the
 
 *583
 
 referee found, and Respondent does not dispute, that she sent a written communication to prospective clients for the purpose of obtaining professional employment that did not meet the requirements of rule 4-7.4. Although Respondent contends that she already viewed the recipients of the letter as her “clients” and that because of the multiple lawsuits she had filed, there was a “budding attorney-client relationship” between her and the putative class members, nothing in the record showed that a true attorney-client relationship had been established. Accordingly, we approve the referee’s recommendation that Respondent be found guilty of violating rule 4-7.4(a).
 

 Next, both parties have challenged the referee’s recommended discipline of a ninety-day suspension. The Bar contends that at least a ninety-one-day suspension is warranted, mainly due to Respondent’s prior misconduct and prior discipline. Respondent argues that only a public reprimand is warranted.
 

 In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction.
 
 See Fla. Bar v. Anderson,
 
 538 So.2d 852, 854 (Fla.1989);
 
 see also
 
 art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions.
 
 See Fla. Bar v. Temmer,
 
 753 So.2d 555, 558 (Fla.1999).
 

 In cases involving unethical solicitation of clients, we have imposed a wide variety of disciplinary measures.
 
 See Fla. Bar v. Barrett,
 
 897 So.2d 1269 (Fla.2005) (noting wide variety of discipline depending on the specific facts of each case; citing cases ranging from public reprimand to disbarment). Citing our decision in Barrett,
 
 [5]
 
 the referee in this case correctly concluded that a suspension is appropriate in such cases “when respondent’s actions are knowing, intentional and potentially injurious to a client, the public or the legal system as a whole.” Further, the referee correctly noted that a suspension in this case is supported by standards 7.2 (suspension is appropriate when lawyer knowingly engages in conduct in violation of duty owed as a professional and causes injury or potential injury to client, public, or legal system) and 8.0 (suspension is appropriate when lawyer has been publicly reprimanded for same or similar conduct and engages in further similar misconduct that causes injury or potential injury to client, public, legal system, or profession).
 

 Although we agree with the referee that a suspension is warranted in this case, we disagree that a ninety-day suspension is sufficient, given Respondent’s disciplinary history
 
 [6]
 
 and continuing pattern of misconduct.
 

 In 2009, Respondent was found guilty of four separate counts of serious and intentional misconduct. In count I, she was
 
 *584
 
 found guilty of failing to respond to a request for production and interrogatories propounded to her client, intentionally failing to appear at a hearing on attorneys’ fees that had been awarded against her client, failing to answer calls from the court inquiring into her whereabouts during the hearing, and knowingly failing to comply with terms of a six-month probation sentence (and order that she pay the entire amount of attorneys’ fees awarded to the opposing party) imposed upon her as a result of being held in indirect criminal contempt of court. In count II, she was found guilty of refusing to produce her client for a deposition, resulting in an order for sanctions against her and her client (and ordering her to pay $3100) for her intentional interference with the opposing parties’ discovery attempts. In count III, she was found guilty of failing to execute on a default judgment that had been entered in favor of her client, resulting in dismissal of the case for failure to prosecute and failing to properly communicate with and inform her client with regard to the case. Finally, as found in count IV, a federal judge ordered that she pay $5,802.25 in attorneys’ fees as a sanction. She failed to make any payment on such sanction, was held in contempt and again ordered to pay the sanction, improperly appealed the sanction to the U.S. Court of Appeals for the Eleventh Circuit, again failed to pay the sanction, and was again held in contempt. The federal magistrate in that case found that Respondent “contemptuously defied” the court’s order and further stated that Respondent practiced law “in a manner that unreasonably burdens the judiciary and harms other parties by causing them to needlessly expend time and effort and incur legal fees. Her repeated poor judgment and unprofessional conduct puts at risk the legitimate interests of her clients.”
 
 Aldavero v. St. Louis,
 
 No. 05-22098 (S.D. Fla. filed Mar. 19, 2007) (Report and Recommendation of United States Magistrate Judge). The magistrate also recommended that Respondent’s actions be referred to The Florida Bar as well as the Southern District Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance. Id.
 

 [7]
 

 As a result of these instances of misconduct, the referee in the prior disciplinary case recommended that Respondent be found guilty of violating multiple rules and be suspended for ninety days followed by a three-year period of probation with a supervising attorney providing “continuous monitoring” of her clients’ case files and providing quarterly reports to the Bar. The referee also recommended that she be required to pay $1600 in restitution to one of the injured clients. In making this disciplinary recommendation, the referee noted, in mitigation, that during the period in which the misconduct took place, Respondent’s husband became very ill and subsequently died. The referee’s uncontested report and recommendation was approved by the Court on July 9, 2009.
 
 Fla. Bar v. Letwin,
 
 14 So.3d 243 (Fla.2009).
 

 Given the seriousness of this prior misconduct and Respondent’s continuing pattern of misconduct as proven here,
 
 [8]
 
 we conclude that a one-year suspension is warranted in this case. We have previously imposed rehabilitative suspensions in
 
 *585
 
 unethical solicitation cases.
 
 See Fla. Bar v. Wolfe,
 
 759 So.2d 639 (Fla.2000) (imposing one-year suspension followed by three years’ probation where attorney engaged in in-person solicitation of clients in areas damaged by tornado, offering legal services and presenting individuals with pamphlets and prepared contingency fee contracts that did not comply with rules);
 
 Fla. Bar v. Stafford,
 
 542 So.2d 1321 (Fla.1989) (imposing six-month suspension where attorney engaged in arrangement for solicitation of clients with police officer);
 
 Fla. Bar v. Curry,
 
 211 So.2d 169 (Fla.1968) (imposing six-month suspension where attorney, who was also an accountant, mailed out approximately 800 letters to individuals for whom he had previously prepared income tax returns soliciting those individuals as legal clients). The over 900 letters sent by Respondent clearly fell under the restrictions of rule 4-7.4 and clearly violated that rule. Although the illness and subsequent death of Respondent’s spouse shortly before the letter was sent does constitute significant mitigation, given the clear violation and the seriousness of Respondent’s prior misconduct, we conclude that under the specific circumstances of this case, the referee’s recommendation is inadequate, and a one-year rehabilitative suspension, followed by three years of probation and attendance at The Florida Bar’s Advertising Workshop, is required.
 

 Accordingly, Respondent, Jane Marie Letwin, is hereby suspended from the practice of law for one year. The suspension will be effective thirty days from the filing of this opinion so that Respondent can close out her practice and protect the interests of existing clients. If Respondent notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall fully comply with Rule Regulating the Florida Bar 3-5.1(g). Further, Respondent shall accept no new business from the date this opinion is filed until she is reinstated. As a condition of reinstatement, Respondent shall be required to attend The Florida Bar’s Advertising Workshop. Upon reinstatement, Respondent shall be further placed on probation for three years.
 

 Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jane Marie Letwin in the amount of $2,026.75, for which sum let execution issue.
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 CANADY, C.J., concurs in result.
 

 [1]
 

 . The complaint originally contained two counts. The allegations described herein constituted count II. Count I was voluntarily dismissed by the Bar because the aggrieved client is deceased.
 

 [2]
 

 . Neither party specifically challenges the referee’s findings of fact; accordingly, they are approved without further discussion.
 

 [3]
 

 . The referee's recommendations that Respondent be found guilty of violating rules 3-4.2 (violation of the rules of professional conduct is a cause for discipline) and 4-8.4(d) (lawyer shall not engage in conduct in connection with practice of law that is prejudicial to administration of justice) are also approved.
 

 [4]
 

 . In her answer/initial brief on cross-petition for review, Respondent does not make arguments specific to any particular recommendation of guilt by the referee, but rather generally contends that the referee should not have found that she engaged in "improper solicitation.” Thus, we interpret this argument to be a challenge to the referee's recommendation that she violated rule 4-7.4(a).
 

 [5]
 

 . Specifically, in
 
 Bairett,
 
 the Court stated that in unethical solicitation cases, the Standards for Imposing Lawyer Discipline "authorize either disbarment or suspension ... depending on the amount of harm or potential harm caused and on whether the conduct was intentional versus knowing.”
 
 Barrett,
 
 897 So.2d at 1276.
 

 [6]
 

 . In 1995, Respondent received a public reprimand for misrepresentation,
 
 Florida Bar v. Letwin,
 
 652 So.2d 818 (Fla.1995), and in 2009, she received a ninety-day suspension with three years’ probation (including monitoring by a supervising attorney) for contempt, neglect, and misrepresentation,
 
 Florida Bar v. Letwin,
 
 14 So.3d 243 (Fla.2009).
 

 [7]
 

 . The magistrate’s March 19, 2007, order was affirmed by United States District Judge Patricia Seitz.
 
 Aldavero v. St. Louis,
 
 No. 05-22098 (S.D. Fla. filed Aug. 2, 2007) (Order Affirming Report and Recommendation of Magistrate Judge).
 

 [8]
 

 . The misconduct in the case discussed above occurred from 2005 through 2007. The Bar’s complaint in that case was filed in June of 2008. As noted, the letter at issue in the instant case was sent in August 2008.