307 So.2d 161 (1975)
THE FLORIDA BAR, Complainant,
v.
E. Paul BRIGMAN, Respondent.
No. 46177.
Supreme Court of Florida.
January 15, 1975.
Norman A. Faulkner, Tallahassee, Ronald A. Harbert and F. Hartzelle Baker, Orlando, for The Florida Bar, complainant.
Paul E. Brigman, in pro per.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against E. Paul Brigman is before us on complaint of The Florida Bar and Report of the Referee. The Referee's report and record of the proceedings were duly filed with this Court pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar. Respondent has not filed a petition for review pursuant to Rule 11.09, Integration Rule.
The respondent was charged with a six-count disciplinary violation stemming from a series of separate incidents. All matters were consolidated for hearing. The Referee dismissed two of the six counts against respondent but found him guilty of misconduct for: (1) accepting representation of beneficiaries of an estate while concurrently advising the executor of the estate, with whom the beneficiaries had a controversy, without the knowledge of his clients; (2) accepting $500.00 to procure a divorce for a client, thereafter doing nothing, and refusing to discuss the matter with his client; (3) receiving funds from a client in a real estate closing in July of 1970 and refusing until February of 1971 to account for these funds; (4) accepting representation in an accident case for out-of-town clients, failing to communicate with them, and subsequently entering a voluntary dismissal of their cause without informing the clients.
The Referee found that the evidence presented on each of these four charges clearly established misconduct by the respondent. Although individually the offenses were not of great magnitude, in the aggregate they constituted a serious breach of ethics.
*162 In determining the appropriate punishment, he further considered the total recalcitrance of the respondent, including his refusal to appear for the hearing, as well as the absence of redeeming circumstances. He recommended the following discipline:
"... [T]hat the Respondent be suspended from the practice of law in Florida for a period of six (6) months and thereafter until he shall satisfactorily prove his rehabilitation in a reinstatement proceeding."
The findings and recommendations of the Referee are hereby approved, and the respondent is hereby suspended from the practice of law under the terms and conditions of the Referee's recommendations. See Rule 11.09(3)(f), Integration Rule of The Florida Bar.
Execution is hereby directed to issue against respondent in the amount of $732.28 for costs of these proceedings.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.