322 So.2d 556 (1975)
THE FLORIDA BAR, Complainant,
v.
E. Paul BRIGMAN, Respondent.
No. 46177.
Supreme Court of Florida.
October 29, 1975.
Norman A. Faulkner, David G. McGunegle, Tallahassee, Ronald A. Harbert and F. Hartzelle Baker, Orlando, for The Florida Bar, complainant.
Paul E. Brigman, in pro. per.
PER CURIAM.
This supplemental proceeding has been brought by The Florida Bar to enforce our suspension order of January 15, 1975.[1] In that order we approved the recommendation of the Referee[2] and suspended Mr. Brigman from the practice of law for "`a period of six (6) months and thereafter until he shall satisfactorily prove his rehabilitation in a reinstatement proceeding.'"
On motion of The Florida Bar, we issued an order to Mr. Brigman on June 3, 1975, commanding him to show cause why he should not be held in contempt of this Court for violation of our suspension order.
Response has been filed, and we find the respondent Brigman admittedly has violated the terms of the suspension order in that he (1) failed to remove a sign lettered "E. PAUL BRIGMAN, Attorney at Law" from his office building following his suspension, (2) failed to give notice to his clients of his suspension from the practice of law, and evidence of such action to staff counsel of The Florida Bar, a violation of Integration Rule 11.10(6) of The Florida Bar, and (3) failed to discontinue the use of letterhead stationery identifying himself as an attorney-at-law following his suspension.
The respondent Brigman pleads ignorance of these requirements, asserting that he admittedly failed to read the Court's suspension order, the applicable Integration Rules of The Florida Bar referred to therein, and correspondence from the disciplinary staff of The Florida Bar seeking compliance with the suspension order. To establish this lack of knowledge, the respondent's response to our order to show cause attaches as an exhibit an unopened certified mail letter from staff counsel of The Florida Bar, which the respondent admits was received in his office but not opened. Respondent claims that he first read the suspension order after we issued an order to show cause in this supplemental proceeding.
*557 We find the respondent Brigman has ignored and failed to comply with this Court's suspension order, and we hereby adjudicate him to be in contempt of this Court.
We reconsider the disciplinary portion of our initial suspension order because of the contemptuous conduct of the respondent. We hereby supplement its provisions by suspending respondent Brigman from the practice of law for one year from the date of this opinion and thereafter until he shall prove his rehabilitation in reinstatement proceedings.
Respondent is further directed to pay all costs necessary for this supplemental proceeding, and we reserve jurisdiction to establish the amount of the costs therefor.
We further direct that a copy of this order be personally served on the respondent by an officer authorized by law to serve process.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] Florida Bar v. Brigman, 307 So.2d 161 (Fla. 1975).
[2] Id. at 162.