PER CURIAM.
In this disciplinary proceeding, the Court published an opinion on June 4, 1975, providing :
“Having heard oral argument, carefully reviewed the record and briefs, we ap *209 prove the findings and recommendation of the Referee with the following modification to recommendation (4) relative to the four-month suspension: Respondent is suspended for four months and thereafter until he shall have convinced the Chief Judge of the First Judicial Circuit that he has read in depth with understanding the Code of Professional Responsibility and the Chief Judge has certified the same to us.
“Execution is directed to issue for the costs of the proceedings against Respondent in the amount of $253.00.”
Thereafter, on December 12, 1975, The Florida Bar by petition for contempt informed the Court that Respondent has not complied with Integration Rule 11.-10(6) ,[1] which requires him to advise his clients of his suspension and furnish staff counsel with a list of those clients so informed within thirty days of the Court’s order. The petition further alleges that he has persisted in his failure to comply with the Rule despite Bar’s two written requests. Further, the Court is informed that on September 25, 1975, Honorable Woodrow M. Melvin, Chief Judge of the First Judicial Circuit, forwarded a sworn statement of one Jessie Clay relating to Mr. Clay’s contacts with Respondent subsequent to the effective date of his suspension.
The matter now recurs on the petition for rule to show cause, directed to Respondent, why he should not be held in contempt, the rule nisi, and the answer thereto, in which, among other things, the Respondent requested that he be allowed until February 10, 1976, to forward the notices and make the required certificate.
The answer by the Respondent is insufficient to relieve him of the responsibility to comply with the Court’s decision of June 4, 1975, and Integration Rule 11.-10(6), and the Court holds that Respondent has now had adequate time to comply with the order.
Therefore, it is ordered and adjudged that the Respondent Abagis has failed to comply with this Court’s suspension order and with Integration Rule 11.-10(6), and we hereby adjudicate him to be in contempt of this Court for such failure.
We now reconsider the disciplinary portion of our initial suspension order because of the contemptuous conduct of the Respondent and supplement its provisions by suspending Respondent Abagis from the practice of law for one year from the date of this opinion and thereafter until he shall prove his rehabilitation in reinstatement proceedings. Provided, however, that if the Respondent has complied with Integration Rule 11.10(6), supra, on or before March 1, 1976, and has provided proof of such compliance with this Court, then and in that event, the suspension shall stand reduced from one year to four months from the date of the publication of this decision, and thereafter until he shall prove his rehabilitation in reinstatement proceedings. We further direct that' a copy of this opinion be personally served on the Respondent by an officer authorized by law to serve process.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON, ENGLAND and HATCHETT, JJ., concur.

. Integration Rule 11.10(6), Notice to Clients. “Upon service on the respondent of an order of disbarment, suspension, temporary suspension or placement on the inactive list the respondent shall, unless this requirement is waived or modified in the Court’s order, forthwith furnish a copy of the order to all of his clients with matters pending in the respondent’s practice and within 30 days after service of the order the respondent shall furnish Staff Counsel of The Florida Bar a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order.”