PER CURIAM.
We have for consideration a petition filed by The Florida Bar requesting that Respondent Breed be held in contempt of court for failure to abide by the Integration Rule of The Florida Bar during his suspension.
*357 Breed was temporarily suspended from practice of law until further order of the Court. The Florida Bar v. Breed, 353 So.2d 846 (Fla.1977). The Florida Bar alleges that on August 24, 1978, a sign hanging over the door of Breed’s office read “Law Offices, Ernest M. Breed, 154.” Also, during the period from August 15, 1978, to August 30, 1978, Breed engaged in correspondence using letterhead stationery identifying him as an attorney at law.
In response to the Petition for Rule to Show Cause, Breed says he was not aware of any prohibition against the continued presence of the sign or the usé of the letterhead stationery.
A suspended attorney, although still a member of The Florida Bar, is without the privilege of practicing or holding himself out to the public and others as able to practice. Florida Bar Integration Rule, Art. XI; Rule 11.10(3).
The Court finds that Breed is in contempt of court for his failure to abide by this Court’s orders and rules governing the conduct of suspended attorneys. See The Florida Bar v. Abagis, 327 So.2d 208 (Fla.1976); The Florida Bar v. Brigman, 322 So.2d 556 (Fla.1975).
The adjudication of contempt is withheld on condition that the aforesaid sign be removed within 15 days from the filing of this order and that Breed refrain from using letterhead stationery identifying him as an attorney at law.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.