PER CURIAM.
This disciplinary proceeding is before the Court on respondent’s petition for review of the referee’s report. The board of governors of the Florida Bar concurs in the referee’s findings and recommendations. We have jurisdiction. Art. V, § 15, Fla.Const.
The Florida Bar filed a two-count complaint charging respondent in count one with violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1— 102(A)(4), 1-102(A)(5), and 5-104(A), and Florida Bar Integration Rule, article XI, rule 11.02(3); and in count two with violating Disciplinary Rules 1-102(A)(3), 1-102(A)(4), and 1-102(A)(6), and Integration Rule 11.02(3). The referee recommended that respondent be found not guilty as to count one, and the Florida Bar has not challenged this finding. We therefore accept the referee’s recommendation.
As to count two, the referee found that on June 1,1978 respondent was convicted of a felony, grand larceny, for the conversion of $2,130.00 in an adoption matter he was handling. He received a five-year sentence of imprisonment, which has been reduced to three years imprisonment and two years parole. The evidence introduced at Brig-man’s criminal trial showed that approximately twenty other couples had been identified as having sent Brigman money for *984 adoption purposes without receiving a child or having their money returned. The Florida Bar Client Security Fund has paid $10,-730.00 to reimburse persons who lost money as a result of the attorney-client relationship with respondent on similar adoption matters.
After finding respondent guilty of the present charges, the referee found it significant that he had been disciplined twice before. In 1974 this Court publicly reprimanded him for neglecting several matters in which he undertook representation. Florida Bar v. Brigman, 299 So.2d 7 (Fla. 1974). In 1975 the Court suspended Brig-man for six months after his being found guilty on four counts of a six-count disciplinary complaint. Florida Bar v. Brigman, 307 So.2d 161 (Fla.1975). A later order commanded him to show cause why he should not be held in contempt of this Court for violation of that suspension order. Respondent admitted various violations but pleaded ignorance of the requirements violated, showing as evidence an unopened certified mail letter from staff counsel at the Florida Bar, admittedly received but never opened. The Court found him in contempt and suspended him for one year from the date of the new order. Florida Bar v. Brigman, 322 So.2d 556 (Fla.1975).
The referee found respondent guilty of violating the disciplinary rules and integration rule contained in count two on the basis of the felony conviction. Florida Bar v. Newman, 215 So.2d 308 (Fla.1968). Based on this finding and the respondent’s past disciplinary record, the referee recommended disbarment. We agree that disbarment is warranted.
Accordingly, it is the judgment of this Court that respondent, E. Paul Brigman, Jr., should be and hereby is disbarred from the practice of law in the State of Florida. Respondent is ordered to pay costs in the amount of $480.45.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.