**BOARD OF OVERSEERS OF
THE BAR**

v.

**Daniel J. MURPHY.**

Supreme Judicial Court of Maine.

Argued Feb. 2, 1990.

Decided Feb. 27, 1990.

Karen Kingsley (orally), Bd. of Overseers of the Bar, Augusta, for plaintiff.

George F. Wood (orally), Wood & Van Houten, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, HORNBY and COLLINS, JJ.

PER CURIAM.

 We find no abuse of discretion in the decision of the Supreme Judicial Court (*Wathen, J.,* sitting as a Single Justice) that disbarment is warranted here. The combination of (1) violating M.Bar R. 3.7(c)(1) by refusing to turn over a client's file until counsel fees were paid; (2) violating M.Bar R. 3.6(j) and 3.7(h)(2) by communicating directly with adverse parties, willfully failing to provide to opposing counsel documents sent to the court and discussing the merits of the case ex parte; (3) violating M.Bar R. 3.2(f) by making unwanted sexual advances to a woman whom he, as a bail commissioner, had just bailed and with whom he was discussing representation and bail of her boyfriend; (4) violating M.Bar R. 3.2(f)(2) and (3) by actively promoting a fraudulent conveyance, converting money belonging to another and preparing false affidavits; and (5) violating M.Bar R. 3.7(a) by filing meritless motions only for delay, all support the Court's conclusion that this lawyer should be disbarred, even though the Court found that disbarment would not have been warranted for any single violation. The fact that the lawyer had not previously been disciplined does not prevent disbarment. The Court's description of this lawyer's involvement in a certain piece of litigation as having "reached the point of a self-destructive obsession that currently disables him from practicing law" is an accurate summary of the record, not an improper psychological conclusion. We find no error in having a single information consolidate multiple counts of misconduct. Finally, because the proceeding before the Court was de novo, *see* M.Bar R. 7(e)(6)(D), we do not consider the lawyer's challenges concerning consolidation of the matters before the grievance commission and the burden of proof before the commission.

The entry is:

Judgment affirmed.

All concurring.