BOARD OF OVERSEERS OF
THE BAR

v.

Neil D. MacKERRON.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1990.
Decided Oct. 18, 1990.

Karen G. Kingsley, Board of Overseers of the Bar, Augusta, for plaintiff.

Neil D. MacKerron, Gulfport, Fla., for defendant.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, CLIFFORD,
COLLINS and BRODY, JJ.

PER CURIAM.

Neil D. MacKerron appeals the judgment of a single justice of the Supreme Judicial Court (*Glassman, J.*) holding him in contempt for violating an order of the court suspending him from the practice of law. We reject MacKerron's contention that the court erred in finding that he violated the suspension order and affirm the order of contempt.

Neil MacKerron is an attorney who was licensed to practice in Maine and who was suspended from the practice of law pursuant to M. Bar R. 7(e)(6) for a period of eighteen months, effective September 16, 1988. (Supreme Judicial Court, *Glassman, J.*). After a hearing in February 1990, the court found that during the period of his suspension MacKerron had used stationery designating him an "Attorney and Counselor at Law," and had acknowledged a deed as an "Attorney at Law."[1] The court found MacKerron in contempt of its suspension order pursuant to M. Bar R. 7(n)(1)(F),[2] and MacKerron appealed.

MacKerron admits to the use of his stationery and that he acknowledged the deed, but contends that those acts do not constitute the practice of law. MacKerron asserts that because he did not "accept any new retainer or engage as attorney for another in any new case or legal matter of any nature" as prohibited by M. Bar R. 7(n)(1)(A), he did not violate his suspension order. We disagree.

An attorney under suspension is required to notify clients of the attorney's "inability to act as an attorney after the effective date of ... suspension." M. Bar R. 7(n)(1)(B). Suspension from the practice of law means "an interruption of an attorney's right to practice law in the State." *Eshleman's Case*, 126 N.H. 1, 489 A.2d 571, 572–73 (1985). Under Maine law, persons are guilty of the unauthorized practice of law if they practice law or hold themselves out to practice law while not being admitted to the bar. 4 M.R.S.A. § 807 (Supp.1989). Moreover, pursuant to 4 M.R.S.A. § 859 (1989), persons who have not been admitted to practice or whose names have been struck from the roll of attorneys are prohibited from advertising or representing themselves to be attorneys or counselors at law.

During his suspension, MacKerron was not authorized to practice law in Maine. By using his attorney letterhead and by acknowledging a deed as an attorney at law, he held himself out to be an attorney authorized to practice law. The finding by the court that these actions constituted contempt of the previously issued order suspending MacKerron from the practice of law is not clear error. *See The Florida Bar v. Breed*, 368 So.2d 356, 357 (Fla.1979) (using stationery bearing letterhead with an "attorney at law" designation, as well as maintaining a sign reading "law offices" over door of offices, warranted a finding of contempt of court for violation of suspension order).

The entry is: Judgment affirmed.

All concurring.

---

1. 33 M.R.S.A. § 203 (Supp.1989) gives an attorney "duly admitted and eligible to practice in the courts of the State ..." authority to acknowledge deeds and all other written instruments before recording.

2. Maine Bar Rule 7(n)(1)(F) provides as follows: Any failure by a disbarred, resigned or suspended attorney to comply with any of the provisions of this rule, may be found to constitute a contempt of court and thereupon subject said attorney to such sanctions as the Court may further order, including, but not limited to, an extension of the time period of any order of suspension from the practice of law.