**BOARD OF OVERSEERS OF THE BAR**

v.

**Daniel J. MURPHY.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 5, 1992.
Decided May 8, 1992.

---

diagnosis and treatment under the direction of the physician or psychotherapist, including members of the patient's family.

....

   **(b) General Rule of Privilege.** A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, his physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician

or psychotherapist, including members of the patient's family.

Karen Kingsley, Bd. of Overseers of the Bar, Augusta, for plaintiff.

Daniel J. Murphy, pro se.

Before ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

On July 31, 1991, a single justice of the Supreme Judicial Court (*Wathen, J.*) issued an opinion and order that declared Daniel J. Murphy to have violated and to be in contempt of a prior order of a single justice of the Supreme Judicial Court (*Wathen, J.*) that disbarred Murphy from the practice of law in the State of Maine, effective April 16, 1990. We affirmed that disbarment order in February 1990, *see Board of Overseers of the Bar v. Murphy*, 570 A.2d 1212 (Me.1990), and today we affirm the order holding Murphy in contempt of court.

The record before us amply supports the single justice's factual findings that after the effective date of the disbarment order, Murphy had undertaken himself to prepare a deed and two wills on forms containing the printed designation "Daniel J. Murphy, Attorney-at-Law" and that until the spring of 1990, Murphy had failed to remove the designation "Attorney-at-Law" under his name on his office directory. Contrary to Murphy's contentions, the single justice did not err in concluding that those facts rendered Murphy in violation of the order disbarring him from the practice of law in the State of Maine. *See* Maine Bar Rule 7(n)(1)(F); *Board of Overseers of the Bar v. MacKerron*, 581 A.2d 424 (Me.1990). None of Murphy's other contentions merit discussion.

The entry is:

Judgment affirmed.

All concurring.