472 So.2d 814 (1985)
John Edward TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2417.
District Court of Appeal of Florida, Third District.
July 9, 1985.
Rehearing Denied August 1, 1985.
*815 Bennett H. Brummer, Public Defender, and Lewis S. Kimler and Joseph Villacci, Sunrise, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Appellant claims that the trial court abused its discretion in denying his request to be tried after a severed co-defendant,[1] where the co-defendant agreed to give testimony exculpatory as to appellant if the State tried him first.
Appellant's co-defendant, in a first-degree murder case, stated by sworn affidavit:
1. My name is Jesus Ortiz and I am a co-defendant with John Taylor in the above numbered indictment.
2. I am presently scheduled to be tried separately from John Taylor.
3. I have evidence that is exculpatory to John Taylor.
4. I am willing to testify at John Taylor's trial; however, I cannot do so if his trial takes place before my trial. I will testify for John Taylor whether I am acquitted or convicted at my trial.
In a pretrial hearing on appellant's motion that he be brought to trial after the trial of the co-defendant, counsel presented the affidavit but "could not" proffer the precise testimony which the co-defendant would give. The court denied the motion, deferring to the State's election to try the defendant first.
To obtain a severed trial based on a defendant's desire to offer a co-defendant's potentially exculpatory testimony, the defendant must show: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the co-defendant will in fact testify if the cases are severed. United States v. Hewes, 729 F.2d 1302 (11th Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985); Tifford v. Wainwright, 588 F.2d 954 (5th Cir.), reh'g denied, 592 F.2d 233 (5th Cir.1979); Byrd v. Wainwright, 428 F.2d 1017 (5th Cir.1970).
The sequence of separate trials is a matter within the discretion of the trial court, barring special circumstances.[2]United States v. Rosson, 441 F.2d 242, 248 (5th Cir.), cert. denied, 404 U.S. 843, 92 S.Ct. 140, 30 L.Ed.2d 78 (1971); Byrd, 428 F.2d at 1022. Although the bare-boned motion that co-defendant be tried first was made prior to appellant's trial, the proffer of co-defendant's alleged "exculpatory" testimony was only made after commencement of the trial, without a showing that it could not have been presented before trial.[3] The proffer was therefore untimely. See United States v. Butler, 611 F.2d 1066, 1071 (5th Cir.), cert. denied, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980); United States v. Rice, 550 F.2d 1364, 1369-70 (5th *816 Cir.), cert. denied, 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977).
Appellant's remaining points on appeal are without merit.
Affirmed.
NOTES
[1] The severance was granted, upon the co-defendant's motion, because of an extrajudicial statement by appellant which implicated the co-defendant. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
[2] The court in Byrd found that the defendant had a unique interest in being tried after the co-defendants. The special circumstance in that case was the strong doubt raised as to defendant's guilt because of inconsistencies between the co-defendants' confessions. Other factors that may be considered by the court are the demands of effective judicial administration, and the likelihood of prejudice to any defendant. Byrd, 428 F.2d at 1022; United States v. Sanders, 266 F. Supp. 615 (W.D.La. 1967), aff'd, 415 F.2d 621 (5th Cir.1969).
[3] The proffered testimony was that appellant was never in the victim's apartment, which conflicted with appellant's sworn confession that he was in the apartment, but was not a participant in the homicide. In light of the apparent conflict, which points inescapably to untruthfulness on the part of the co-defendant, the proffer could have been found lacking in substance.